UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLANAH DAVIS,

       Plaintiff,　　　　　　　　Civil Action No.
　　　　　　　　　　　　　　　　　　Hon.
v.

EMPIRE MEDICAL PRACTICE, PC
d/b/a KINDBODY

       Defendant.

---

**Greg A. Jones (P75388)**
GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.
Attorneys for Plaintiff
30500 Northwestern Hwy, Ste 425
Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-002
gjones@work-lawyers.com
rhanlon@work-lawyers.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, ALLANAH DAVIS, by and through her attorneys GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., and for her Complaint in this matter, hereby submits the following:

　　1.　　This claim is an action for violations of the Family Medical and Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 et seq, for pregnancy discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act

("ELCRA"), MCL § 37.2101 et seq, and for violations of Michigan's Whistleblower's Protection Act ("WPA"), M.C.L. §15.361.

## JURISDICTION AND VENUE

2. Plaintiff, ALLANAH DAVIS, (hereinafter, "DAVIS") is an individual residing in the City of Waterford, County of Oakland, State of Michigan.

3. Defendant, EMPRIRE MEDICAL PRACTICE, P.C. d/b/a KINDBODY, (hereinafter, "KINDBODY") is a professional service corporation organized under the laws of the State of New York, with its principal place of business in the City of New York, State of New York.

4. DAVIS is an eligible employee as defined by the FMLA.

5. KINDBODY is an employer as defined by the FMLA.

6. This court has federal-question jurisdiction over DAVIS's FMLA claims pursuant to 28 U.S.C. §1331.

7. The amount in controversy herein exceeds $75,000.00.

8. This Honorable Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §1332.

9. This Honorable Court has pendant jurisdiction over DAVIS's claims under the ELCRA and WPA pursuant to 28 U.S.C. §1367.

10. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

## **BACKGROUND FACTS**

11. DAVIS was initially hired as a Technician by UNIVERSITY PHYSICIAN GROUP in or around December 2019.

12. DAVIS was subsequently employed by UNIVERSITY PHYSICAN GROUP as Senior Embryologist and Technical Supervisor.

13. On or about August 2021 the practice in which DAVIS was employed was acquired by VIOS FERTILITY INSTITUTE (hereinafter "VIOS") and she became an employee thereof.

14. VIOS employed DAVIS as a Senior Embryologist and Technical Supervisor.

15. DAVIS reported to work at the same physical location for VIOS as she did for UNIVERSITY PHYSICIAN GROUP.

16. DAVIS's job responsibilities for VIOS remained the same as her position while employed by UNIVERSITY PHSYICAN GROUP.

17. VIOS FERTILITY INSTITUTE (hereinafter, "VIOS") was a successor in interest to University Physician Group relative to its employment of DAVIS as that term is defined by the FMLA and associated Code of Federal Regulations, specifically 29 C.F.R § 825.107.

18. On or about October 7, 2021, DAVIS informed VIOS Director of Human Resources, Jessica Piglia, about her need for parental leave due to her pregnancy.

19. On or about October 7, 2021, Ms. Piglia responded and attached VIOS's parental leave guide and "the forms needed for taking FMLA/parental leave."

20. On or about December 14, 2021, VIOS Human Resources Coordinator Amanda Merlino emailed DAVIS relative to her request for parental leave pursuant to the FMLA.

21. Ms. Merlino erroneously told DAVIS that "since you were officially a Vios employee starting in august, you will only be eligible for 4 weeks of paid parental leave by Vios."

22. In the same correspondence, Ms. Merlino further informed DAVIS "We have our own policy that is protected leave while you are out of parental leave."

23. On or about February 01, 2022, KINDBODY acquired VIOS FERTITLITY INSTITUTE.

24. KINDBODY is a successor in interest to VIOS FERTILITY INSTITUTE and UNIVERISY PHYSICIAN GROUP relative to its

employment of DAVIS as that term is defined by the FMLA and associated Code of Federal Regulations, specifically 29 C.F.R § 825.107.

25. On or about February 14, 2022, DAVIS began leave associated with the birth of her child.

26. In taking leave, DAVIS relied upon the assurances made by Ms. Piglia and Ms. Merlino relative to her ability to take protected leave.

27. While DAVIS was in the hospital and in labor, she received a phone call from a KINDBODY lab director who informed her that KINDBODY had hired a lab supervisor in her absence.

28. DAVIS returned to work on the agreed-upon date in May 2022.

29. Upon her return, DAVIS was informed that her position was no longer available to her. KINDBODY offered DAVIS a new hybrid position which was associated with a $20,000.00 per year reduction in pay.

30. On or about November 21, 2022, KINDBODY informed DAVIS that her hybrid position would be eliminated. KINDBODY told DAVIS that she could either return to a full-time position in its Southfield, MI laboratory, or continue in a remote role in tissue logistics and accept an additional $25,000.00 pay cut.

31.     When DAVIS told KINDBODY that she would return to the lab position in Southfield, KINDBODY withdrew its offer and told her that if she wanted to return to a lab position and retain her already-reduced salary she would have to move out of state.

32.     KINDBODY informed DAVIS that she must either accept the reduced salary for remote work, move to a laboratory position out of state, or be terminated and accept four weeks of severance.

33.     On or about December 12, 2022, DAVIS informed KINDBODY that she reluctantly would accept the remote position in tissue logistics.

34.     In doing so, DAVIS specifically indicated to KINDBODY that she objected to the reduction in pay and that "I feel as though I have been discriminated against on the basis of my pregnancy, and believe I have been retaliated against for exercising rights afforded to me under FMLA."

35.     On or about December 13, 2022, DAVIS, through her counsel, wrote to KINDBODY and informed the company that she believed it had violated her rights under the FMLA and Pregnancy Discrimination Act in unilaterally reducing her pay upon her return from leave, and subsequently pushing her out of her pre-leave role.

36.     On or about December 16, 2022, KINDBODY terminated DAVIS's employment.

## COUNT I
## VIOLATION OF THE FMLA

37.     DAVIS repeats and reincorporates each and every paragraph of this Complaint as though fully set forth herein.

38.     At all relevant times, DAVIS was an eligible employee pursuant to the FMLA, 29 USC §2611(2).

39.     At all relevant times, KINDBODY was a covered employer pursuant to the FMLA 29 USC §2611(4).

40.     At all relevant times, DAVIS was entitled to leave because of the birth of a son or daughter and in order to care for such son or daughter pursuant to the FMLA 29 U.S.C. §2612(a)(1)(B).

41.     KINDBODY had a duty pursuant to the FMLA to provide DAVIS with up to twelve (12) job-protected weeks of leave because of the birth of a son or daughter and to care for such son or daughter.

42.     The FMLA makes it unlawful for any employer to deny a covered employee the exercise or attempted exercise any right provided under the FMLA to an eligible employee. 29 USC § 2615.

43. Additionally, the FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA to an eligible employee. 29 USC § 2615.

44. KINDBODY violated DAVIS's rights under the FMLA by:

   a. Failing to restore DAVIS to her job, or a substantial equivalent of her job, after she was released to return to work from a medical leave that lasted less than twelve (12) weeks.

   b. Failing to designate DAVIS's medical leave as falling under the protections of the FMLA, including but not limited to the right to be restored to her job if she returned to work before exhausting her bank of FMLA leave.

   c. Interfering with DAVIS's exercise of her rights under the FMLA,

   d. Retaliating against DAVIS for exercising her rights under the FMLA, and

   e. Discharging and/or otherwise discriminating against DAVIS because of having exercised her rights under the FMLA.

45. As a direct and proximate result of KINDBODY's violation of the FMLA, DAVIS has suffered damages including, but not limited to, past and future income and employee benefits, physical pain and suffering, mental anxiety and emotional distress, humiliation, outrage and loss of professional and personal reputation.

## COUNT II
## VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT  MCL § 37.2101 et seq.
## Pregnancy Discrimination

      a. DAVIS incorporates the preceding paragraphs of this complaint as though more fully set forth herein.

46. At all times relevant, DAVIS was an "employee" and KINDBODY was an "employer" within the meaning of Michigan's Elliot-Larsen Civil Rights Act (hereinafter, "ELCRA"), as amended.

47. At all times relevant herein, DAVIS had a right to employment free from discrimination on the basis of her pregnancy under the ELCRA.

48. KINDBODY violated DAVIS's rights under the ELCRA by, including but not limited to, creating a hostile work environment, treating her less favorably than similarly situated employees, terminating her employment, denying her opportunities for other positions, and otherwise discriminating against DAVIS with respect to the terms, conditions, and privileges or employment because of her pregnancy.

49. As a direct and proximate result of such violations of DAVIS's civil rights by KINDBODY, DAVIS has suffered and continues to suffer damages, including but not limited to loss of past and future income and employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

## COUNT III
## VIOLATION OF MICHIGAN WHISTLEBLOWER'S PROTECTION ACT

50. DAVIS incorporates the preceding paragraphs of this complaint as though more fully set forth herein.

51. KINDBODY is an "employer" as that term is defined by the Whistleblower's Protection Act (hereinafter, "WPA").

52. DAVIS's counsel is a licensed attorney and a member of the Michigan State Bar, a public body within the meaning of the WPA.

53. At all relevant times, DAVIS was an individual employee within the meaning of the WPA.

54. During her employment with KINDBODY, DAVIS objected to unlawful actions by KINDBODY, including but not limited to the aforementioned violation of the FMLA, 29 U.S.C. § 2601, et seq.

55. As more specifically pled herein, DAVIS reported violations of law to a member of a public bodies, including her counsel.

56. The WPA prohibits employers form discharging or otherwise discriminating against an employee because that employee has reported or is about to report a violation or suspected violation of law to a public body.

57. KINDBODY's decision to terminate DAVIS was motivated, in whole or in part, by a retaliatory animus resulting from DAVIS's actions of

10

reporting and/or being about to report violations of law described above to a member of a public body in violation of the WPA.

58. KINDBODY's actions in violating DAVIS's rights under the WPA were intentional.

59. As a direct and proximate result of KINDBODY's wrongdoing, DAVIS has suffered damages, including but not limited to loss of earnings, loss of earning capacity, past and future lost earnings, the value of fringe and retirement benefits, lost job and career opportunities, damage to her good name and reputation in the community, mental and emotional distress, humiliation and embarrassment, loss of enjoyment of the ordinary pleasures of everyday life, and the loss of the ability to pursue employment of choice.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorney fees. Plaintiff further respectfully prays that this Honorable Court grant Plaintiff any and all equitable relief to which she may be entitled, including but not limited to the reinstatement to her position.

                Respectfully submitted,

                GASIOREK, MORGAN, GRECO,
                McCAULEY & KOTZIAN, P.C.,

                _____
                Greg Jones (P75318)
                Attorneys for Plaintiff
                30500 Northwestern Hwy, Ste 425
                Farmington Hills, MI 48334
                (248) 865-0001
Dated:  February 20, 2023    gjones@work-lawyers.com